UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SIDNEY E. PURDIE,

                          Plaintiff,

                                                              9:09-CV-0971
v.                                                            (GTS/ATB)

H.D. GRAHAM, Superintendent;
CONNERS, Correctional Officer;
M. RAMSEY, Correctional Officer;
C. GUZEWICZ, Correctional Officer;
BLAISDELL, Correctional Officer;
MCCARTHY, Captain;
KAREN BELLAMY, I.G.R.C. Director;
VOSBERG, Correctional Officer; and
QUINN, Nurse,

                          Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

SIDNEY E. PURDIE, 06-A-3298
   Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN                       ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
   Counsel for Defendant
The Capitol
Albany, New York  12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Sidney E.

Purdie ("Plaintiff") against nine employees of the New York State Department of Correctional

Services ("Defendants"), are the following: (1) Defendants' motion to dismiss Plaintiff's claims

in his Second Amended Complaint against Defendants McCarthy, Graham, Ramsey, Blaisdell, Quinn, and Bellamy for failure to state a claim upon which relief can be granted (Dkt. Nos. 32, 48), and (2) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion be granted and Defendants McCarthy, Graham, Ramsey, Blaisdell, Quinn, and Bellamy be dismissed from this action (Dkt. No. 51). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; and Defendants McCarthy, Graham, Ramsey, Blaisdell, Quinn, and Bellamy are dismissed from this action.

## I.    RELEVANT BACKGROUND

Plaintiff filed his initial Complaint on August 27, 2009. (Dkt. No. 1.) On November 18, 2009, Plaintiff filed an Amended Complaint (Dkt. No. 6), which was stricken by the Court pursuant to its Decision and Order of July 20, 2010. (Dkt. No. 19.) In that same Decision and Order, the Court accepted for filing Plaintiff's Second Amended Complaint, except for certain of the claims therein, which were futile due to their failure to state a claim upon which relief could be granted. (*Id.*) More specifically, the Court dismissed without prejudice, as Defendants to this action, the following individuals and entity: Lt. Quinn, Sgt. E. Graf, M. Sullivan, Stichland, Nancy Doe, John F. Zebrowski, Richard Roy, J. Festa, an unnamed Disciplinary Hearing Officer, and the Auburn Correctional Facility Medical Department. (*Id.*)

### A.    Plaintiff's Claims

Generally, construed with the utmost of liberality, Plaintiff's Second Amended Complaint alleges that, while Plaintiff was incarcerated at Auburn Correctional Facility ("Auburn C.F."), he filed "complaints" against Defendant Vosberg claiming that Vosberg was harassing him, which resulted in Defendants Vosberg and Conners retaliating against him by,

2

among other things, denying him food and recreation.  (Dkt. No. 20 at 2.)  Plaintiff alleges that

he filed his "complaints" with Defendant Bellamy, the Head Grievance Director, and appealed

the decisions to Defendant Superintendent Graham.  (*Id*. at 2-3.)  Plaintiff alleges that, because

he filed grievances against Defendant Vosberg, Vosberg told Plaintiff that he was going to get

even with Plaintiff.  (*Id*. at 3-4.)

Plaintiff further alleges that Defendant Vosberg "paid inmates cigarettes to stab

[Plaintiff] in retaliation for written reports upon C.O. Vosberg and C.O. Conners."  (*Id*. at 5.)

Plaintiff alleges that, as a result, on August 4, 2009, Defendant Guzewicz opened Plaintiff's cell

doors and permitted an inmate to assault him, in retaliation for Plaintiff filing complaints against

Defendant Vosberg.  (Dkt. No. 20.)  Plaintiff alleges that, after the assault, he was deprived of

medical treatment and denied the process he was due at his Tier III disciplinary, which took

place as a result of Defendant Ramsey finding a weapon in his cell during a search subsequent to

the assault, and resulted in his confinement in a special housing unit.  (*Id*.)

Based on these factual allegations, Plaintiff's Complaint–when construed with the utmost

of special leniency–alleges that Defendants violated his constitutional rights in the following

manner: (1) Defendants Vosberg and Conners retaliated against him by denying him recreational

and meal privileges because he filed "complaints" against Defendant Vosberg, in violation of his

First Amendment rights; (2) Defendant Guzewicz retaliated against him for filing grievances

against Defendant Vosberg by opening his cell door and permitting an inmate to assault him, in

violation of his First Amendment rights; (3) Defendant Guzewicz failed to protect him from an

assault by an inmate, in violation of his Eighth Amendment rights; (4) Defendant Quinn acted

with deliberate indifference to Plaintiff's serious medical needs by refusing to treat his wounds or

grant his request for a hospital transfer, in violation of his Eighth Amendment rights; (5)

Defendant McCarthy denied him the process he was due at his disciplinary hearing by not permitting him to present witnesses, in violation of the Fourteenth Amendment; (6) Defendant Bellamy, as the "Head Grievance Director," was aware of Plaintiff's complaints regarding Defendant Vosberg, yet failed to prevent Vosberg's subsequently ordered assault of Plaintiff; and (7) Defendant Graham, as the Supervisor of Auburn C.F., is liable for the unconstitutional acts of his subordinates. (*Id*.)[1]

    For a more detailed recitation of the factual allegations giving rise to the above-described claims, the Court refers the reader to Plaintiff's Second Amended Complaint in its entirety, and to Magistrate Judge Baxter's Report-Recommendation. (Dkt. Nos. 20, 51.)

---

        [1]    The Court notes that, even when construed with the utmost of special liberality, Plaintiff's Second Amendment Complaint does not attempt to assert a claim against Defendants Ramsey and Blaisdell. For example, with regard to these two Defendants, Plaintiff alleges merely as follows: "The following staff responded to the Code (1) alert on August 4, 2009[:] Sgt. Graf, C.O. M. Ramsey, Blasdell and another Officer unknown to Petitioner. . . . After medical staff patched me up with multiple bandages, I was sent to the SHU Housing because the Sgt. said that C.O. M. Ramsey was ordered to search my cell A-7-4 and a weapon was found on the floor under my bed. . . . I was not present when my cell got searched, nor was I present when my cell got packed up. I did not retrieve my property until I arrived at Clinton Correctional Facility, and that was after I was housed in Clinton Correctional Facility for a month. By this time, all of my property was stolen and I lost most of my legal documents to develop the facts of my claim upon. . . . While at Auburn Correctional Facility, Sgt. Graf had received a phone call, unknown to the petitioner, where he informed petitioner that he had to be sent to SHU Housing Unit because an order was given to C.O. Ramsey to search petitioner's cell and a weapon was found under petitioner's bed. . . . Also, note C.O. Blaisdell was the office[r] I believe to retrieve the weapon." (Dkt. No. 20, at 4-5, 7, 9.) Indeed, in his responsive papers, Plaintiff suggests that he named Defendants Ramsey and Blaisdell merely so that they could testify at a trial in this action. (Dkt. No. 36 at 7.)

**B.      Defendants' Motion**

On September 10, 2010, Defendants filed their motion to dismiss.  (Dkt. No. 32.)  In their motion, Defendants argue that, because Plaintiff's Second Amended Complaint fails to state a claim against Defendants McCarthy, Graham, Ramsey, Blaisdell or Quinn, each of these individuals should be dismissed as Defendants from the action.  (Dkt. No. 32.)  For a more detailed recitation of Defendants' argument, the Court refers the reader to the motion to dismiss in its entirety, as well as Magistrate Judge Baxter's thorough Report-Recommendation.  (*Id*.)

On September 16, 2010, Plaintiff submitted a response in opposition to Defendants' motion.  (Dkt. No. 36.)  In his response, Plaintiff argues as follows: (1) his due process claim against Defendant McCarthy should not be dismissed because, by not allowing Plaintiff to present witnesses at the disciplinary hearing, Defendant McCarthy violated his right to present a proper defense; (2) his claims against Defendant Graham should not be dismissed because (a) as Supervisor of Auburn C.F., Defendant Graham received notice of Defendant Vosberg's threats against Plaintiff, yet failed to remedy the situation, and (b) Defendant Graham assigned Defendant McCarthy to conduct his Tier III hearing, and Defendant McCarthy violated his constitutional rights; (3) Defendants Ramsey and Blaisdell should not be dismissed because, although "none of the[] allegations [in the Second Amended Complaint] allege any conduct on the part of . . . Ramsey or Blaisdell that violates any constitutional right of the Plaintiff[,]" these Defendants "should be permitted to testify at trial upon what took place on August 4, 200[9] . . . ."; and (4) his medical indifference and retaliation claims against Defendant Quinn should not be dismissed because Plaintiff has alleged facts plausibly suggesting that she denied him proper medical treatment and placed him in the care of Mental Health instead of a hospital.  (Dkt. No. 36.)

On December 27, 2010, Defendant Bellamy submitted a letter motion requesting to join in Defendants' motion to dismiss, which was subsequently granted by the Court.  (Dkt. No. 48.)

On January 7, 2011, Plaintiff submitted a second response, in opposition to Defendant Bellamy's letter-motion.  (Dkt. No. 50.)  In his response, Plaintiff argues that his claim against Defendant Bellamy should not be dismissed because she failed to process his grievance filings, and therefore his "complaints" were not brought to the attention of the Superintendent and properly investigated.  (*Id*.)

### C.    Magistrate Judge Baxter's Report-Recommendation

On January 19, 2011, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendants' motion be granted, and that Defendants McCarthy, Graham, Ramsey, Blaisdell, Quinn, and Bellamy be dismissed from this action.  (Dkt. No. 51.)  In support of his recommendation, Magistrate Judge Baxter found, *inter alia*, as follows: (1) because Plaintiff's witnesses submitted testimony prior to Plaintiff's Tier III disciplinary hearing, Plaintiff's Fourteenth Amendment due process claim against Defendant McCarthy must fail as a matter of law; (2) Plaintiff's Second Amended Complaint fails to allege facts plausibly suggesting that Defendant Quinn was deliberately indifferent to his serious medical needs because his claim rests on his disagreement with the treatment received, which is not actionable under the Eighth Amendment; and (3) Plaintiff's Second Amended Complaint fails to allege facts plausibly suggesting that Defendants Graham, Bellamy, Ramsey, or Blaisdell were personally involved in any alleged constitutional violations.  (*Id*.)  Familiarity with the remaining grounds of Magistrate Judge Baxter's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

On January 27, 2011, Plaintiff filed his Objection to the Report-Recommendation.  (Dkt.

No. 52.)  In his Objection, Plaintiff argues, *inter alia*, as follows: (1) Defendant McCarthy deprived him of a fair and impartial hearing by not allowing him to present witnesses at the hearing for safety reasons, and/or declining to provide him, prior to the hearing, with a copy of the record testimony given by his witnesses; (2) Defendant Quinn acted with deliberate indifference to his serious medical needs by not providing him with bandages to stop bleeding from his eye, and instead recommending that he be taken to the Office of Mental Health; and (3) "The Supervisory Officials [were] personally involved in the grossly negligent [actions of] the[ir] subordinates" because they were aware of the threats made to Plaintiff and failed to take remedial action.  (*Id.*)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest

---

[2]      On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22,

1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3]

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court

reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826,

1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R.

Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting

the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.      Standard Governing a Motion to Dismiss**

Magistrate Judge Baxter correctly recited the legal standard governing a motion to

dismiss.  (Dkt. No. 51.)  As a result, this standard is incorporated by reference in this Decision

and Order.

**III.    ANALYSIS**

As an initial matter, even when construed with the utmost of liberality, Plaintiff's

Objections fail to specifically address Magistrate Judge Baxter's recommendations.  Instead,

Plaintiff's Objections simply reiterate the arguments Plaintiff presented in his prior papers to the

Court.  As a result, and for the reasons explained above in Part II.A. of this Decision and Order,

the Court need review the Report-Recommendation only for clear error.

---

[3]          *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp.
380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely
constitute a "rehashing" of the same arguments and positions taken in original papers submitted
to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL
3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,
07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte
v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,
J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, and Plaintiff's objections thereto, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous.  Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.  The Court would add only three points.

First, the Report-Recommendation would survive even a *de novo* review.

Second, with regard to his deliberate-indifference-to-serious-medical-needs claim against Defendant Quinn, Plaintiff's asserts for the first time in his objections that Defendant Quinn refused to provide him with bandages on a second occasion, despite the fact that he was bleeding from his eye.  More specifically, Plaintiff asserts that (1) after he was treated by medical staff for his injuries, he was permitted to shower, (2) during his shower, his bandages came loose, causing him to bleed from his eye, and (3) he subsequently was taken to medical to see Defendant Quinn, who refused to provide him with bandages, instead recommending that he be taken to the Office of Mental Health.  (Dkt. No. 52.)  As an initial matter, the Court need not, and does not, consider this allegation because it was raised for the first time in Plaintiff's objection to the Report-Recommendation.  *See Morales v. Santor*, 94-CV-0217, 1995 WL 760625, at *2 (N.D.N.Y. Dec. 4, 1995) (McAvoy, C. J.) (refusing to consider issues raised for the first time in objections to a magistrate judge's report and recommendation).  Plaintiff has already filed a Complaint, an Amended Complaint, and a Second Amended Complaint, in which he could have asserted this allegation.  Furthermore, Defendants have gone to the burden and expense of preparing a lengthy motion to dismiss with regard to Plaintiff's allegations.  Moreover, permitting Plaintiff to change the landscape of his allegations at such a point in the action would be an inefficient use of

9

judicial resources, and indeed would frustrate the purpose of the Magistrates Act. *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).  Finally, the Court notes that, even if it were to consider this allegation, Plaintiff's deliberate-indifference-to-serious-medical-needs claim would still be dismissed because in neither his Second Amended Complaint nor his Objections does Plaintiff allege facts plausibly suggesting that the cut over his eye was severe enough to produce death, degeneration or extreme pain.  Indeed, his allegation that he refused stitches belies such a conclusion.

Third, to the extent that Plaintiff now argues that he attempted to assert, in his Second Amended Complaint, a retaliation claim against Defendant Quinn based on her allegedly having had him transferred to the Office of Mental Health for "refus[ing] to stay quiet about [his] injuries," the Court rejects that argument (and dismisses any such claim) for the following two alternative reasons: (1) Plaintiff has not alleged facts plausibly suggesting that his "refus[al] to stay quiet about [his] injuries" was activity protected by the First Amendment under the circumstances; and (2) even if he has alleged such facts, Plaintiff has not alleged facts plausibly suggesting a causal connection between that activity and his transfer to the Office of Mental Health, which–according to Plaintiff's own factual allegations–appears to have been caused by (a) Defendant Quinn's (allegedly erroneous) medical judgment that he was a harm to himself, and (b) his subsequently diagnosed depression and severe mood swings.  The Court notes that conspicuously missing from Plaintiff's otherwise factually laden Second Amended Complaint is any factual allegation plausibly suggesting how (1) he subsequently "refused to stay quiet about

10

[his] injuries," (2) any such subsequent refusal constituted a complaint that he experienced a correctional employee-ordered assault, and (3) how Defendant Quinn *knew* of that subsequent complaint of assault.

ACCORDINGLY, it is

ORDERED that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 51) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that Defendants' motion to dismiss (Dkt. Nos. 32, 48) is **GRANTED** and the following Defendants are dismissed from the action: McCarthy, Graham, Ramsey, Blaisdell, Bellamy, and Quinn.

Dated: March 16, 2011
          Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge