UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SIDNEY E. PURDIE,

                Plaintiff,

v.                                         9:09-CV-0971
                                                      (GTS/ATB)

CONNERS, Corr. Officer, Auburn Corr. Facility;
C. GUZEWICZ, Corr. Officer, Auburn Corr.Facility;
and VOSBERG, Corr. Officer, Auburn Corr. Facility,

                Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

SIDNEY E. PURDIE, 06-A-3298
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN                     ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Sidney E. Purdie ("Plaintiff") against the three above-named correctional employees ("Defendants"), are the following: (1) Defendants' motion for summary judgment (Dkt. No. 59); (2) Plaintiff's request for an "Order of Protection" (Dkt. No. 62); (3) the Magistrate Judge's Report-Recommendation recommending that the Court (a) grant Defendants' motion for summary judgment as to all claims against all Defendants, except the claim against Defendant Vosburg for

retaliation arising from the assault of August 4, 2009, and (b) deny Plaintiff's motion for a protective order (Dkt. No. 66); and (4) Plaintiff's Objection to the Report-Recommendation (Dkt. No. 67). For the reasons set forth below, the Report-Recommendation is accepted and adopted except for its recommendation regarding the survival of Plaintiff's retaliation claim against Defendant Vosburg arising from the assault of August 4, 2009, which is dismissed; Defendants' motion for summary judgment is granted in its entirety; Plaintiff's motion for a protective order is denied; and his Second Amended Complaint is dismissed in its entirety.

**I.     RELEVANT BACKGROUND**

### A.    Plaintiff's Second Amended Complaint

Plaintiff filed his initial Complaint on August 27, 2009. (Dkt. No. 1.) Plaintiff filed an Second Amended and Supplemental Complaint ("Second Amended Complaint") on July 20, 2010. (Dkt. No. 20.)[1] Generally, construed with the utmost of liberality, those portions of Plaintiff's Second Amended Complaint that remain pending in this action allege that, in July and August of 2009, while Plaintiff was incarcerated at Auburn Correctional Facility ("Auburn C. F."), Defendants retaliated against him for filing grievances and were deliberately indifferent a serious risk of harm to Plaintiff by paying another inmate to stab him. (Dkt. No. 20, at 2-6.)

More specifically, Plaintiff claims that Defendants violated his constitutional rights in the following manner: (1) Defendants Vosburg and Conners denied him recreational and meal privileges after Plaintiff submitted a complaint against Defendant Vosburg in violation of the First Amendment; (2) Defendant Vosburg paid an inmate with cigarettes to assault Plaintiff on

---

[1] The Court notes that Plaintiff's Amended Complaint was stricken from the docket by the Court's Order on November 18, 2009. (Dkt. No. 6.)

August 4, 2009; and (3) Defendant Guzewicz failed to protect Plaintiff from an assault by an inmate in violation of the Eighth Amendment. (*Id*.)

For a more detailed recitation of Plaintiff's claims and factual allegations in support thereof, the Court refers the reader to the Second Amended Complaint in its entirety (Dkt. No. 20) and to the Magistrate Judge's Report-Recommendation, which accurately recites those claims and factual allegations (Dkt. No. 51).

### B. Defendants' Motion for Summary Judgment

Generally, in support of their motion for summary judgment, Defendants assert the following two arguments: (1) Plaintiff has failed to establish a First Amendment claim against Defendants because Plaintiff has failed to establish that (a) Defendants took adverse action against Plaintiff, (b) Defendant Guzewicz had knowledge of any grievance filed against Defendants Vosburg or Connors by Plaintiff, and (c) Defendants Vosburg and Connors were personally involved in precluding Plaintiff from attending meal, recreation or shower; and (2) Plaintiff has failed to establish his Eighth Amendment claim against Defendants because Plaintiff has not established that (a) Defendants had prior knowledge that the assault on August 4, 2009, was going to occur, and (b) Defendants were otherwise deliberately indifferent to Plaintiff's safety. (Dkt. No. 59).

### C. Plaintiff's Response and Request for a Protective Order

Even when construed with the utmost of special liberality, Plaintiff's response to Defendants' motion does not specifically oppose their motion. (Dkt. No. 62.)  For example, Plaintiff's response includes neither a memorandum of law nor a Rule 7.1 Response. (*Id*.) Rather, Plaintiff's response includes a request for an Order of Protection for the unidentified

witnesses who allegedly will testify against the remaining Defendants at the trial in this action. (*Id.*)

### D. The Magistrate Judge's Report-Recommendation

Generally, the Magistrate Judge's Report-Recommendation recommends that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 66.) More specifically, the Magistrate Judge concluded that all of Plaintiff's claims should be dismissed except for the retaliation claim asserted against Defendant Vosburg connecting him to the assault on August 4, 2009. (*Id.*) In addition, the Magistrate Judge recommended the denial of Plaintiff's request for a protective order, because Plaintiff has not (1) provided the identities of the witness for whom Plaintiff seeks protection, or (2) demonstrated that the witnesses' lives are in danger. (*Id*. at 24-25.)

### E. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection, Plaintiff asserts the following two arguments: (1) Defendant Connors should not be dismissed from the action because (a) he had knowledge of, and failed to investigate, Plaintiff's grievance filed against Defendant Vosburg, and (b) he imposed meal, recreation, and shower restrictions on Plaintiff in retaliation for the grievance filed against Defendant Vosburg; and (2) Defendant Guzewicz did not follow routine procedure for inmate meal escorts, which led to the assault by inmate Zebrowski on August 4, 2009. (*See generally* Dkt. No. 67.)

In addition, Plaintiff makes the following two admissions to the Magistrate Judge's findings in the Report-Recommendation: (1) Defendant Guzewicz may not have been aware that inmate Zebrowski would assault Plaintiff because Plaintiff had not reported any problems

between inmate Zebrowski and himself; and (2) it is unlikely that inmate Zebrowski would have risked more prison time to assault Plaintiff simply in exchange for cigarettes. (Dkt. No. 67 at 15.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[2]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v.*

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

*Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

  **B.** **Standard of Review Governing Motions for Summary Judgment**

The Magistrate Judge accurately recited the legal standard governing motions for summary judgment. (Dkt. No. 66 at 5-7.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III. ANALYSIS**

Even when construed with the utmost of liberality, Plaintiff's Objection contains only two specific challenges to the Magistrate Judge's Report-Recommendation, the remaining portions of the Report-Recommendation either being ignored or conceded to by Plaintiff. *See, supra*, Parts I.E. and II.A. of this Decision and Order. After carefully reviewing *de novo* those portions of the Report-Recommendation that Plaintiff specifically challenges, and reviewing for clear error the remaining portions of the Report-Recommendation that Plaintiff does not specifically challenge, the Court adopts the thorough Report-Recommendation for the reasons stated therein, except for its recommendation regarding the survival of Plaintiff's retaliation claim against Defendant Vosburg arising from the assault of August 4, 2009, which is also

---

  [6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

dismissed.[7]  The Court reaches this latter conclusion for each of the reasons offered by Defendants in their memorandum of law.  (*See* Dkt. No. 59, Attach. 8, at 4-7 [attaching pages "2" through "5" of Defs.' Memo. of Law].)  The Court would add only four brief points.

First, based on the current record, the Court finds that it would be speculation to conclude that Defendant Vosburg was aware of any of Plaintiff's three letters of complaint about him before August 4, 2009.  Notably, none of those three letters was addressed to Defendant Vosburg; only two of them regarded him exclusively; and only one was submitted to the facility's Inmate Grievance Resolution Committee.[8]  Moreover, during the 12 to 16 days that passed between the sending of the letters (on July 19, 21, and 23, 2009) and the assault (on August 4, 2009), Plaintiff never spoke to Defendant Vosburg.[9]

Second, even if it were not speculation to conclude that Defendant Vosburg was aware of any of Plaintiff's three letters of complaint about him before August 4, 2009, it would be, and is, speculation to conclude that Defendant Vosburg was the individual who allegedly caused Plaintiff to be stabbed by a fellow inmate.  The only evidence that Plaintiff has to suggest Defendant Vosburg's involvement is the following: (1) the general (12-16 day) proximity

---

[7]  The Court notes that, except for the portion of the Report-Recommendation regarding the above-referenced retaliation claim against Defendant Vosburg, the portions of the Report-Recommendation not specifically challenged by Plaintiff would survive even a *de novo* review.

[8]  (*See* Dkt. No. 62, Attach. 1, at 46-49 [Ex. V, attaching letter to, *inter alia*, Superintendent Graham, dated July 19, 2009, regarding Defendant Vosburg and Defendant Conners]; Dkt. No. 62, Attach. 1, at 50-51 [Ex. W, attaching letter to Superintendent Graham, dated July 21, 2009, regarding Defendant Vosburg]; Dkt. No. 62, Attach. 1, at 52-53 [Ex. X, attaching letter to IGRC dated July 23, 2009, regarding Defendant Vosburg].)

[9]  (*See* Dkt. No. 59, Attach. 2, at 20-22 [attaching pages "16" through "18" of Plf.'s Dep. Tr.].)

between his three letters of complaint and the assault; and (2) Plaintiff's own testimony (in his Verified Second Amended Complaint and deposition transcript) that two unidentified inmates had told Plaintiff that, at some unidentified point in time, Defendant Vosburg had offered them cigarettes to stab Plaintiff.[10]  In addition to being fatally vague in terms of timing, the statements by the other unidentified inmates constitute inadmissible hearsay because the only record evidence as to the existence of such inmates (and their alleged statements) comes from Plaintiff. Moreover, the general proximity between the complaints and the assault constitutes merely a "scintilla" of evidence in support of a causal connection (which is insufficient to survive a motion for summary judgment).[11]  This is especially true given the other undisputed facts of the case, including the following: (1) the fact that the first of Plaintiff's three complaints also regarded Defendant Conner;[12] (2) the fact that, again, during the 12-16 day period, Plaintiff never spoke to Defendant Vosburg; (3) the fact that Defendant Vosburg was not present on Plaintiff's cellblock when he was stabbed on August 4, 2009;[13] (4) the fact that it was Defendant Guzewicz who was present on that cellblock at that time, and who Plaintiff alleges let another inmate into his cell to attack him; (5) the fact that the facility's Inmate Grievance Resolution Committee concluded, after an investigation, that "the grievance [accusing Defendant Vosburg of paying an inmate with cigarettes to assault Plaintiff] can not be substantiated due to lack of evidence";[14]

---

[10]   (*See* Dkt. No. 20, at ¶ IV [Plf.'s Second Am. Compl.]; Dkt. No. 59, Attach. 2, at 34-37 [attaching pages "30" through "33" of Plf.'s Dep. Tr.].)

[11]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[12]   *See, supra*, note 8 of this Decision and Order.

[13]   (Dkt. No. 59, Attach. 5, at 2.)

[14]   (Dkt. No. 62, Attach. 1, at 30.)

and (6) of course, the fact that Defendant Vosburg has sworn that he "had no prior knowledge that the [incident] was going to happen, and [he] did not ask any individual to cause physical harm to [Plaintiff]."[15]

Simply stated, the undersigned respectfully disagrees with the Magistrate Judge that any rational fact-finder could conclude, from the above-described evidence, that (1) it was Defendant Vosburg (and not someone else) who took adverse action against him, and (2) any such adverse action by Defendant Vosburg was caused by one or more of Plaintiff's three complaints.

Third, Plaintiff's Second Amended Complaint (both the portions regarding Defendant Vosburg and other portions) is dismissed in its entirety for the alternative reason that Plaintiff has (1) failed to submit an adequate Rule 7.1 Response to Defendants' Rule 7.1 Statement, and (2) failed to oppose the legal arguments asserted in Defendants' memorandum of law. (*Compare* Dkt. No. 59, Attach. 7-8 *with* Dkt. No. 62.)  Defendants' Rule 7.1 Statement was properly supported by accurate record citations and, together with Defendants' memorandum of law, at the very least satisfied Defendants' modest threshold burden on their motion.  *See, supra*, Part I.C. of this Decision and Order.[16]  The Court notes that Plaintiff (who was an experienced *pro se* civil rights litigant before responding to Defendants' motion for summary judgment)[17] received

---

[15]   (Dkt. No. 59, Attach. 5, at 2.)

[16]   The Court notes that, as a result of Plaintiff's failure to oppose Defendants' legal arguments in his response papers, Defendants' burden on their motion has been lightened such that, in order to succeed on their motion, it need only show the facial merit of that motion. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct.30, 2009) (Suddaby, J.) (collecting cases).

[17]   *See, e.g., Purdie v. NYC Dept. of Corr.*, 89-CV-0031 (S.D.N.Y.) (prisoner civil rights action, filed *pro se*, in which defendants moved for summary judgment).

adequate advanced notice of his need to properly respond to Defendants' motion papers, including their Rule 7.1 Statement. (Dkt. No. 59, Attach. 1 [District's "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion"].)[18]

Fourth, and finally, the Court notes that, to the extent that any of the approximately 115 pages of exhibits attached to Plaintiff's Objections were not part of the record presented to the Magistrate Judge on Defendants' motion, the Court declines to consider them. (Dkt. No. 67, at 25-140.) *See also*, *supra*, note 3 of this Decision and Order.

For all of these reasons, the Court grants Defendants' motion for summary judgment in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that the Magistrate Judge's Report-Recommendation (Dkt. No. 66) is **ACCEPTED** and **ADOPTED except** for its recommendation regarding the survival of Plaintiff's claim against Defendant Vosburg for allegedly paying an inmate to attack Plaintiff; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 59) is **GRANTED in its entirety**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 20) is **DISMISSED in its entirety**; and it is further

**ORDERED** that Plaintiff's request for a protective order (Dkt. No. 62) is **DENIED**; and it is further

---

[18] *See also* N.D.N.Y. L.R. 7.1(a)(3) (a copy of which was on file in Plaintiff's correctional facility during the time in question); Northern District's *Pro Se* Handbook, at 41 (a copy of which was on file in Plaintiff's correctional facility during the time in question).

**ORDERED** that the Clerk of the Court shall issue a Judgment for Defendants and close the file in this action.

Dated: March 30, 2012
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge